IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW LOPEZ, ) | CIVIL NO. 03-00011 DAE LEK |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| vs. ) | MOTION FOR PARTIAL DISMISSAL |
| ) | |
| JOHN ASHCROFT, in his ) | |
| capacity as the Attorney ) | |
| General, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL DISMISSAL

I.  INTRODUCTION

   This complaint arises from two (2) Equal Employment Opportunity (EEO) complaints filed by the plaintiff - Agency No. I-98-W064/EEOC No. 370-A2-X2467 and Agency No. 1-99-W095/EEOC No. 370-A0-X277.

   Defendant moves to dismiss four of Plaintiff's causes of action due to untimeliness based upon the Supreme Court's decision in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) and the subsequent decision in Lyons v. England, 307 F.3d 1092 (9th Cir. 2002).  Based upon prevailing law in the 9th Circuit as held in Lyons, the plaintiff's attempt to characterize discrete retaliatory or discriminatory acts as continuing violations in order to make them timely fails pursuant to 29 C.F.R. 1614.105(a)(1).

II.  <u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 12(b)(6), in evaluating a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974); <u>Wileman Bros. & Elliott, Inc. v. Giannini</u>, 909 F.2d 332, 334 (9th Cir. 1990); <u>Shah v. County of Los Angeles</u>, 797 F.2d 743, 745 (9th Cir. 1986).  Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957); <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint may be dismissed as a matter of law for two reasons:  (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.  <u>Balistreri</u>, 909 F.2d at 699; <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims."  <u>De La Cruz v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978), <u>cert. denied</u>, 441 U.S. 965 (1979).  The Court must determine whether or not it appears

to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims.  Id.

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the Complaint, such as lack of jurisdiction or the statute of limitations.  2A J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice, 112.07 at 12-68 to 12-69 (2d ed. 1991 & supp. 1191-92) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)).

III.   LEGAL ARGUMENT

Plaintiff Failed to Timely Exhaust
His Administrative Remedies

Before reaching the merits of the claims, this Court must first consider whether plaintiff has properly exhausted his administrative remedies.  Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976).  Accordingly, the Court must examine whether Plaintiff contacted an EEO counselor within 45 days of when  he knew or should have known of the alleged discriminatory events.  29 C.F.R. § 1614.105 (a)(1).  Where a federal employee fails to file a formal EEO complaint within 45 days of the date he should have reasonably suspected discrimination, the complaint must be dismissed for failure to timely exhaust administrative remedies.  Johnson v. United States Treasury Dep't., 27 F.3d 415, 416 (9th Cir. 1994); Miles v. Department of the Army, 881 F.2d 777, 780 (9th Cir. 1989).  The starting point for such an

examination begins with the date of the alleged discriminatory act, not from the date the last effect of that act is felt. <u>Lorance v. AT&T Technologies, Inc.</u>, 490 U.S. 900 (1989), superceded on other grounds by 42 U.S.C. 2000e5(e)(2); <u>Chardon v. Fernandez</u>, 454 U.S. 6, 8 (1981) (stating, "the proper focus is on the time of the discriminatory act, not at the point at which the consequences of the act become painful"); <u>Delaware State College v. Ricks</u>, 449 U.S. 250, 257-58 (1980); <u>United Air Lines, Inc. v. Evans</u>, 431 U.S. 553, 558 (1977).

The requirement that federal employees exhaust their administrative remedies in a timely fashion before pursuing a Title VII action in federal court is not a new development in employment law jurisprudence.  See <u>Brown v. General Servs. Admin.</u>, 425 U.S. 820, 832-33 (1976).  The Courts of this Circuit are bound to apply current Supreme Court precedent holding that "discrete discriminatory acts are not actionable if time barred, even when they related to acts alleged in timely filed charges." See <u>Lyons v. England</u>, 307 F.3d 1092, 1106 (9th Cir. 2002) (applying the holding of <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 153 (2002), <u>aff'g</u> in part and <u>rev'g</u> in part <u>Morgan v. National R.R. Passenger Corp.</u>, 232 F.3d 1008 (9th Cir. 2000). Failure to satisfy such a requirement is a condition precedent to suit, not unlike a statute of limitations, and can be fatal to a federal employee's discrimination claim.  <u>Zipes v. Trans World</u>

Airlines, 455 U.S. 385 (1982); Johnson v. United States Treasury Dep't., 27 F.3d 415, 416 (9th Cir. 1994); Miles v. Department of the Army, 881 F.2d 777, 780 (9th Cir. 1989); Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir. 1985); Stache v. International Union of Bricklayers & Allied Craftsmen, 852 F.2d 1231, 1232 (9th Cir. 1988); Fed. R. Civ. P. 9(c).  In determining whether a plaintiff has timely filed an EEO complaint, it is essential to identify precisely the unlawful employment practice the plaintiff has complained of.  Anisman v. Department of the Treasury, 01994634 (2001), citing Delaware State College v. Ricks, 449 U.S. 250, 257 (1980).

Plaintiff seeks to have this Court examine 16 instances of alleged discrete retaliatory or discriminatory acts, however 4 of these instances fail to satisfy the 45-day requirement of 29 C.F.R. § 1614.105 (a)(1).  This Court should dismiss the following allegations for untimeliness because plaintiff's first contact with an EEO counselor on March 2, 1998 was more than 45-days from:

> 11. (a.) Although hired as a Senior Immigration Inspector, plaintiff was mis-classified as a Special Operations Immigration Inspector, a lower, less competitive position, from September 1996 until August 21, 1997. Plaintiff had learned of the mis-classification in January 1997 when he received notice of the mis-classification and immediately sought to rectify the error by; however, the Agency did not correct it until September 1997. As a result of this mis-classification, Plaintiff was denied several opportunities for promotion.

    11. (b.)  Brehm denied Plaintiff the opportunity to earn administratively uncontrollable overtime pay from September 1996 through January 1997, but Brehm permitted other similarly situated non-Hispanic employees to earn such overtime pay, which allows an INS employee to supplement his annual pay by twenty-five percent (25%).

    11. (c.)  Brehm did not provide Plaintiff with a Performance Work Plan at the time Plaintiff reported to the Honolulu Airport port of entry in September 1996.  Instead, Brehm waited until March 30, 1997 to serve Plaintiff with a Performance Work Plan for the period from September 30, 1996 to March 30, 1997, which Plaintiff refused to sign as was his right to do under Federal Civil Service regulations.  Nevertheless, as a result of his refusal to sign the untimely Performance Work Plan on March 30, 1997, he was subjected to harassment by Brehm and Roberson arising out of his refusal to sign a Performance Work Plan which was untimely served.
During the period from September 30, 1996 to March 30, 1997, Plaintiff did not have a Performance Work Plan which he could use as a reference to ascertain his job duties, and the standards by which he would be evaluated.

    11. (e.)  Upon reporting to the Honolulu Airport, Plaintiff was placed on a training status for an inordinate length of time, from September 1996 to March 1997, during which time, Plaintiff was not afforded training which was critical to his work as a Senior Immigration Inspector.

    It is undisputed that plaintiff's first's contact with an EEO counselor occurred on March 2, 1998, ten to eighteen months from the date of the alleged discrete retaliatory or discriminatory acts.  Accordingly, this Court should dismiss all four causes of action as they were not timely raised.

IV. CONCLUSION

    In conclusion, Defendant respectfully requests that

Plaintiff's causes of action described above be dismissed with prejudice.

        DATED: January 17, 2006, at Honolulu, Hawaii.

                                    EDWARD H. KUBO, JR.
                                    United States Attorney
                                    District of Hawaii

                                    /s/ Harry Yee


                                By_____
                                    HARRY YEE
                                    Assistant U.S. Attorney

                                Attorneys for Defendant