EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

HARRY YEE  3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone:  (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Harry.Yee@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW LOPEZ, | CIVIL NO. 03-00011 DAE LEK |
| Plaintiff, | |
| vs. | DEFENDANT JOHN ASHCROFT'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT; CERTIFICATE OF SERVICE |
| JOHN ASHCROFT, in his capacity as the Attorney General, | |
| Defendant. | |

DEFENDANT JOHN ASHCROFT'S
SEPARATE AND CONCISE STATEMENT OF FACTS
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule LR56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Defendant Alberto Gonzales hereby submits its separate concise statement of material facts in support of his Motion for Partial Summary Judgment, which is being filed contemporaneously.

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 1. Plaintiff knew that he had no telephone at his work station and other Supervisory Immigration Inspectors did not have telephones at their workstations. | Ex. "1" and "2" to the Decl. of Carmen Everett. |
| 2. Plaintiff had access to a phone within 2-3 steps away. | Ex. "1" and "2" to the Decl. of Carmen Everett. |
| 3. For more than a year, Plaintiff knew he had share a telephone at another work station from January, 1997 until March 2, 1998 made no complaint. | Ex. "1" and "5" to the Decl. of Carmen Everett. |
| 4. Plaintiff requested by his supervisor to complete a complete an assignment (retrieve, interview, and place a Japanese alien on the last daily flight to Japan at about 1:30 pm) within 3 hours. | Ex. "7" to the Decl. of Carmen Everett. |
| 5. This was a routine assignment. | Ex. "6" to the Decl. of Carmen Everett. |
| 6. Plaintiff did retrieve, interview and place the Japanese alien on the last daily flight to Japan at about 1:30 pm. | Ex. "8" to the Decl. of Carmen Everett. |
| 7. On January 28, 1998, Plaintiff was given written instructions to complete three cases that had previously been assigned to him in one day. | Ex. "10" to the Decl. of Carmen Everett. |
| 8. Plaintiff did not complete all three case in one day but there was no adverse employment action taken against him. | Ex. "11" to the Decl. of Carmen Everett. |
| 9. Also on January 28, 1998, at same time Plaintiff was asked to complete the three case files, | Ex. "10" to the Decl. of Carmen Everett. |

he was told to see his supervisor if he had any questions rather than seek advise from other Senior Immigration Inspectors.

| | |
|---|---|
| 10.  Plaintiff admits that a Senior Immigration Inspector is assigned to Secondary once or twice a week, and that "[e]ighty to ninety percent of a Senior Immigration Inspector's work originates from his assignment to Secondary." | Ex. "13" to the Decl. of Carmen Everett. |
| 11.  Plaintiff and SII Murata "have been assigned to Secondary more often than others have because their active caseloads are smaller." | Ex. "14" to the Decl. of Carmen Everett. |
| 12.  Plaintiff was assigned to Secondary for three consecutive days because he was available and to give him "first crack at prosecution cases," thereby increasing his caseload. | Ex. "14" to the Decl. of Carmen Everett. |
| 13.  A Senior Immigration Inspectors position description identifies that "5%" of a Senior Immigration Inspector's time will be performing "other law enforcement, inspections and investigative duties as assigned." | Ex. "16" to the Decl. of Carmen Everett. |
| 14.  Every Senior Immigration Inspector who is not in court or working a case under a deadline works Primary along with the INS employees who are not normally assigned to Primary Inspections when the workload demands. | Ex. "17" to the Decl. of Carmen Everett. |
| 15.  The copy of a March 2, 1998 memorandum corrected by Brehm shows that the corrections made | Ex. "20" to the Decl. of Carmen Everett. |

by Brehm are purely grammatical and typographical in nature.

| | |
|---|---|
| 16.  Plaintiff admits that he does not "know whether [Brehm] criticizes other people's work." | Ex. "21" to the Decl. of Carmen Everett. |
| 17.  SII Bumanglag, whose workstation was just a few feet from Plaintiff, stated in his affidavit that he did not overhear Brehm and Plaintiff discuss the plaintiff's discrimination complaint. | Ex. "29" to the Decl. of Carmen Everett. |
| 18.  Plaintiff provides no evidence to support his allegations and to the contrary states that "**[h]ad** Kelly Brehm been successful in compromising my credibility," showing that there was no harm to his reputation and no adverse impact on his credibility. | Ex. "30" to the Decl. of Carmen Everett. |
| 19.  SII Bumanglag and Murata each stated under oath that Brehm had in the past reviewed their affidavits and reports and edited the content and format. | Ex. "23" and "32 to the Decl. of Carmen Everett. |
| 20.  Plaintiff had only submitted two G-392 Intelligence Reports and no Fraud Bulletins, Document Alerts, or Intelligence Alerts. | Ex. "39" to the Decl. of Carmen Everett. |
| 21.  Plaintiff's previous Progress Review Record for Critical Element #4 for the period April 1, 1998 to September 30, 1998, SSR1 Brehm commented that "It does not appear that SII Lopez has conducted any training during this period of time." | Ex. "40" to the Decl. of Carmen Everett. |
| 22.  Contrary to Plaintiff's | Ex. "41" to the Decl. of |

4

| | |
|---|---|
| allegation he was not placed on a Performance Improvement Plan. | Carmen Everett. |
| 23.  Brehm further advised Plaintiff that he had successfully completed one element of his Performance Improvement and, upon giving a briefing to his co-workers of an incident which took place on March 17, 1999, he would be considered by Brehm to have successfully completed the "Advisory Performance Improvement Plan" on which he had been placed on January 28, 1999. | Complaint at paragraph 15. |
| 24.  Plaintiff and SII Claude Kojima for a short-notice detail to Agana, Guam, from February 6, 1999 to February 18, 1999, to assist with the processing of undocumented Chinese nationals. | Ex. "42" and "43" of the Decl. of Carmen Everett. |
| 25.  DD Radcliffe had directed APD Murray to send two Senior Immigration Inspectors on this detail. | Ex. "42 and "43" of the Decl. of Carmen Everett. |

DATED:  January 17, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Harry Yee

By_____
  HARRY YEE
  Assistant U.S. Attorney

Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Clayton C. Ikei   CCIOffice@hawaii.rr.com
        January 17, 2006

Served by First Class Mail:

    Jerry P.S. Chang, Esq.
    1440 Kapiolani Blvd., Suite 1203
    Honolulu, HI 96814

    Attorneys for Plaintiff
    Andrew Lopez

DATED:   January 17, 2006, at Honolulu, Hawaii.

                                        /s/ Jan Yoneda
                                        _____