# Exhibit "27"



statement, prepare proper documentation and escort a detained Japanese national to a Japan-bound flight departing at 1:30 p.m.;

        (2)     On January 28, 1998, Brehm ordered Plaintiff to complete three files by the end of the day and further ordered Plaintiff not to speak to other Senior Immigration Inspectors concerning the assignments given to him on that date;

        (3)     On March 17, 1998, Brehm assigned Plaintiff to work at the secondary inspection station for the third consecutive day, which assignment was not consistent with the established rotational work policy established for the Honolulu Airport.

        h.     Between January 6, 1998 and February 11, 1998, Brehm ordered Plaintiff to perform work unrelated to his position as a Senior Immigration Inspector. Specifically, for a period of over one month, Plaintiff was ordered, from time to time, to work at Primary Inspections with GS-5/7 Immigration Inspectors, which assignment is outside the scope of his position description and is viewed as a disciplinary action.

        12.     On March 2, 1998, Plaintiff initiated the administrative process required to file a discrimination complaint against his supervisors, primarily Brehm. Since March 2, 1998, Plaintiff was subjected to disparate treatment based on his race, national origin and reprisal for his initiation of the administrative process established for the filing of a discrimination complaint, as follows:

        a.     On March 5, 1998, Brehm began to criticize Plaintiff's report writing and to direct that petty unnecessary changes be made on many of the narrative reports that Plaintiff submitted to Brehm;

        b.     On April 8, 1998, Brehm told Plaintiff, at his work station, that he was to report to the District Office regarding his discrimination complaint. This action caused Plaintiff

EXHIBIT "27"



to become concerned that his then-confidential efforts to resolve his discrimination complaint

would become known to his co-workers thereby prejudicing them against him;

    c.    On May 1, 1998, Brehm changed Plaintiff's affidavit submitted in an alien

smuggling case to reflect facts that were not accurate. Despite Plaintiff's protest that the changed

affidavit did not accurately reflect his knowledge of the case, Brehm ordered that the changed

affidavit be submitted to the U.S. Attorney's Office.

    13.    Plaintiff filed his formal administrative complaint of discrimination and reprisal

on June 21, 1998. After his formal administrative complaint of discrimination and reprisal was

filed, Plaintiff was subjected to additional acts of discrimination and reprisal by Brehm as

follows:

    a.    On January 28, 1999, Plaintiff was notified by Brehm that his job

performance was rated to be below Fully Successful in two critical elements;

    b.    On January 28, 1999, Plaintiff was advised by Brehm that he was being

placed on a Performance Improvement Plan for thirty days and in the event that he did not

successfully complete the Performance Improvement Plan, Plaintiff was advised that he could be

subjected to further adverse employment action;

    c.    On February 3, 1999, Plaintiff was detailed to report to Guam for two

weeks on detail; this action was made by Brehm and Murray and could have had an adverse

impact on Plaintiff's successful completion of the Performance Improvement Plan on which he

had been placed on January 28, 1999.

    14.    On March 10, 1999, Plaintiff contacted, for a second time, an EEO counselor for

the purpose of filing a second discrimination and retaliation complaint against his supervisors.