EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

HARRY YEE 3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone:  (808) 541-2850
Facsimile: (808) 541-3752
E-mail:  Harry.Yee@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDREW LOPEZ, | ) | CIVIL NO. 03-00011 DAE LEK |
| | ) | |
| Plaintiff, | ) | REPLY TO PLAINTIFF'S |
| | ) | MEMORANDUM OF LAW IN |
| vs. | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTION FOR PARTIAL SUMMARY |
| JOHN ASHCROFT, in his | ) | JUDGMENT; CERTIFICATE OF |
| capacity as the Attorney | ) | SERVICE |
| General, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.    **INTRODUCTION - PLAINTIFF FAILS TO DEMONSTRATE "HOSTILE WORK
        ENVIRONMENT"**

        In its initial brief, Defendant established that
Plaintiff's allegations of adverse personnel actions are untimely
to the extent that the actions occurred before January 16, 1998,
45 days prior to Plaintiff's initial contact with an EEO
counselor on March 2, 1998.  Plaintiff attempts to evade this bar
by alleging that the actions constituted a hostile work
environment.  This claim fails because Plaintiff's allegations
fall far short of establishing the extreme or severe conduct
necessary to maintain such a claim.

        To prevail on a hostile work environment claim, a
plaintiff must establish a "pattern of ongoing and persistent
harassment severe enough to alter the conditions of employment."
Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1108 (9th Cir.
1998).  In order to satisfy this requirement, a plaintiff must
show that the workplace was objectively and subjectively
offensive, and that any harassment took place because of a
protected characteristic such as race or sex.  Nichols v. Azteca
Restaurant Enterprises, Inc., 256 F.3d 864, 871-72 (9th Cir.
2001) (citing Oncale v. Sundowner Offshore Servs, Inc., 523 U.S.
75, 79 (1998)) In Faragher v. City of Boca Raton, 524 U.S. 775
(1998), the Supreme Court clarified the legal standards that
apply to claims under Title VII for sexual harassment:

[I]n order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.  We directed courts to determine whether an environment is sufficiently hostile or abusive by "looking at all the circumstances," including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Id. at 787.

Here, plaintiff simply recites a list of dissatisfactions he had with his employer's work assignments and policies.  He does not allege that he was ever subjected to any racially hostile remarks, jokes or abuse, much less conduct that was threatening or humiliating.  Indeed, plaintiff does not even allege that he was objectively offended, much less traumatized, by his dissatisfaction.  Accordingly, his hostile environment claim fails, and he cannot maintain his claims for events that occurred prior to January 16, 1998.

## II.  REPLY ARGUMENT

### A.  PLAINTIFF'S CAUSE OF ACTION 11(f)

*Unlike all his fellow co-workers, Plaintiff was provided with a work station without a telephone.  The placement of his work station required Plaintiff to leave his desk to use an available telephone.*

Plaintiff's opposition and supporting declaration fails to allege any material facts which show disparate treatment or

2

adverse effect on his employment because he was sharing a phone. "Self-serving affidavits will not establish a genuine issue of material fact if they fail to state facts based on personal knowledge or are too conclusory." <u>Rodriquez v. Airborne Express</u>, 265 F.3d 890, 902 (9th Cir. 2001).

Absent from Plaintiff's opposition and supporting declaration is any claim that his co-worker SII Bumanglag (with whom Plaintiff shared the phone) was treated better or suffered similar inconvenience as result of sharing a phone.[1]  In addition, as previously stated, there were two other senior inspectors similarly situated who shared a phone, however, Plaintiff does not contest this fact nor does he address how or if he was treated differently from them.  Plaintiff fails to demonstrate disparate treatment from those similarly situated (SII's sharing telephones)and supplies only his subjective conclusions regarding Defendant's alleged discrimination.  "Mere conclusory statements are insufficient." <u>Barmaq Barmer Maschinenfabrik AG v. Murata Mach., Ltd.</u>, 731 F.2d 831, 836 (Fed. Cir. 1984).  Although Plaintiff's declaration is replete with his conclusory statements regarding his subjective belief of discrimination, as stated above, he fails to identify any relevant and material facts showing disparate treatment towards

---

[1] "...the nonmoving party may not rely on the pleadings but must present significant probative evidence supporting the claim" <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248(1986)

3

him and/or an adverse impact on his employment.  "Simply
restating his subjective belief that management was
discriminating against him is insufficient to meet this burden.
See Meiri v. Dacon, 759 F.2d 989, 998 (2nd Cir. 1985), cert.
denied, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).
Williams v. Holiday Inn, 1997 WL 68561, No. C-95-0832 (N.D. Cal.)

          Also contrary to Plaintiff's declaration that (1) he
had no prior knowledge that numbers of cases would be used as a
basis for his rating because (2) he did not see his PWP until
Defendant responded to his FOIA request on February 2, 1998[2], in
Plaintiff's complaint at page 4, paragraph 11(c), he states his
Performance Work Plan was known by him and given to him on March
30, 1997.  Further, his original claim was he was the only one
required to share a phone[3] not a claim that sharing a phone
affected an element of his performance rating.  He has now
changed this claim, amended his complaint without authorization
of the Court, and attempted to raise an untimely claim based on
his performance rating.  Plaintiff's opposition here fails to
address issue on summary judgment and should be considered an
admission that his complaint at paragraph 11(f) is false and so
summary judgment for Defendant should be granted.  Further, this

---

[2]    Plaintiff's declaration at page 10, paragraphs 25 and
27.

[3]    Plaintiff's complaint at page 5, paragraph 11(f).

new issue of the affect on his performance rating is an untimely claim and should not be considered by the Court. "Regardless of whether plaintiff or defendant is the moving party, each party must "establish the existence of the elements essential to [its] case, and on which [it] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

Plaintiff's further claim, that even if dismissed, this should be allowed as evidence of past discrimination is neither supported in fact or law. There is no hard and fast rule as alleged by Plaintiff, rather in cases challenging distinct personnel actions, Title VII "does not **bar** an employee from using . . . prior acts as background evidence in support of a timely claim." National Railroad Passenger Corp. v. Morgan, 586 U.S. 101, 102, 122 S.Ct. 2061, 2066 (2002). [Emphasis Added] Despite this observation, "other act evidence" is not automatically admitted in a disparate treatment case. Recent cases addressing evidentiary challenges in disparate treatment cases show that the courts exercise their discretion under Rules 402 and 403 to exclude evidence. The Court in Crowe v. Wiltel Communications Systems, 103 F.3d 897 (9th Cir. 1996): Plaintiff sued her former employer for sexual harassment and sex discrimination. Plaintiff sought to introduce evidence of discrimination on the grounds of race and sexual orientation, which the district court excluded.

The Court of Appeals agreed:  "Crowe alleged that the defendants discriminated against her based on her gender.  Since evidence of sexual orientation and race discrimination did not relate directly to any issue at trial, the district court did not abuse its discretion in excluding this evidence."  Id. at 900.  Also the Court in Caudle v. Bristow Optical Co., 224 F.3d 1014 (9th Cir. 2000):  Plaintiff alleged that she was terminated due to her pregnancy.  To dispel any inference of discrimination, the defendant sought to introduce evidence regarding how it treated other pregnant females.  The Court of Appeals affirmed the decision to exclude this evidence, finding that the other employees were not similarly situated women.  "The district court implicitly concluded that evidence of how [defendant] treated pregnant but married employees would not be sufficiently probative of the facts alleged in this case to outweigh its potentially prejudicial tendencies . . . .  [T]here was evidence that [plaintiff's] pregnancy led to her discharge exactly because she was also a single woman."  Id. at 1025 (emphasis in original).  In this case, Plaintiff's sharing a phone in addition to three other SII's, Plaintiff shared a phone for a year before complaining, the lack of additional phone lines, and the fact that no other SII made a complaint about sharing a phone are all factors which should be weighed to determine whether this probative and relevant evidence of discrimination.

B.    **PLAINTIFF'S CAUSE OF ACTION 11(g)(1)**

*On January 26, 1998, Plaintiff received an assignment from Brehm with insufficient time to complete it; specifically, he was directed at 10:00 a.m. to secure a sworn statement, prepare proper documentation and escort a detained Japanese national to a Japan-bound flight departing at 1:30 p.m.*

Here again Plaintiff in his opposition changes the stated claim above to allege "*Plaintiff contends that the issue here is not that he managed to complete the assignment in the time allotted to him. Plaintiff contends that Brehm handicapped Plaintiff whenever possible.*" So now contrary to his complaint that he had "insufficient time to complete" his assignment, Plaintiff in his opposition admits he finished the assignment, without again any showing of disparate treatment or adverse impact on his employment. Plaintiff's opposition here fails to address the issue presented for summary judgment. His opposition to summary judgment on this claim should be considered an admission that his complaint at paragraph 11(g)(1) is false. So summary judgment for Defendant should be granted on this claim.

Plaintiff's declaration is also replete with his subjective conclusory statements which should not be considered a dispute of material facts capable of overcoming summary judgment. "[A] dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." <u>Anderson v. Liberty Lobby,</u> <u>Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)

C.    <u>**PLAINTIFF'S CAUSE OF ACTION 11(g)(2)**</u>

> *On January 28, 1998, Brehm ordered Plaintiff to complete three files by the end of the day and further ordered Plaintiff not to speak to other Senior Immigration Inspectors concerning the assignments given to him on that date.*

Plaintiff's opposition to summary judgment on this claim again is an admission that he was able to complete the assignment and a misstatement of the instructions of Plaintiff's supervisor. Brehm wrote if Plaintiff had **"questions about this or anything else pertaining to your duties as an SII , I am available to answer your questions"** and **"I expect you to come to me you're your questions, instead of asking other SII's what they think."** (Agency No. I-98-W064, ROI, Ex. F17a, Bates Stamp No. 001905). Clearly, there is no order prohibiting Plaintiff from speaking to other SII's. In support of his claim of disparate treatment and adverse employment action, Plaintiff again offers only his subjective conclusory statements regarding his perception of Mr. Brehm's assignment to him. No genuine factual issue exists for trial where a nonmoving party rests on mere allegations or denials, or shows "some metaphysical doubt." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).

D.    **PLAINTIFF'S CAUSE OF ACTION 11(g)(3)**

> *On March 17, 1998, Brehm assigned Plaintiff to work at the secondary inspection station for the third consecutive day, which assignment was not consistent with the established rotational work policy established for the Honolulu Airport.*

Plaintiff's claim is that above action was circumstantial evidence of discrimination.  However, Plaintiff fails to show how this work assignment adversely affected his employment or evidenced  a disparate impact other than his subject belief that this was reprisal.  "[W]hen a plaintiff relies on circumstantial evidence [or evidence that negatively discredits the employer's stated rationale] that evidence must be 'specific and substantial' [in order] to defeat [a] motion for summary judgment."  Coghlan v. American Seafoods Co. LLC., 413 F.3d 1090, 1095 (9th Cir. 2005); see also Stegall v. Citadel Broadcasting Co., 350 F.3d 1061, 1066 (9th Cir. 2004).

Plaintiff postulates that rotational policy is inflexible and should be read to exclusion of Mr. Brehm's rationale.  As previously stated, Plaintiff's assignment to three consecutive days was to give him (a new SII) **"first crack at prosecution cases,"** thereby increasing his caseload.  (Agency No. I-98-W064, ROI, Ex. F3, Bates Stamp No. 001663) Plaintiff may not "rely on generalizations" to overcome summary judgment, Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir. 1995), and he "must do more than express an opinion or make conclusory statements,"

9

Chen v. Washington, 86 Wash. App. 183, 190, 937 P.2d 612, 617
(Wash. Ct. App.1997); see also Grimwood v. Univ. of Puget Sound,
Inc., 753 P.2d at 522 (1988) ("conclusory opinions"
insufficient).  Instead, he must either "directly show a
discriminatory motive" or demonstrate that Defendant's proffered
rationale for Brehm's actions are not credible.  Warren v. City
of Carlsbad, 58 F.3d 439, 443; see also Nidds v. Schindler
Elevator Corp., 113 F.3d 912, 918 (9th Cir.1996), cert. denied,
522 U.S. 950, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997).

     E.   **PLAINTIFF'S CAUSE OF ACTION 11(h)**

> *Between January 6, 1998 and February 11, 1998, Brehm*
> *ordered Plaintiff to perform work unrelated to his*
> *position as a Senior Immigration Inspector.*
> *Specifically, for a period of over one month, Plaintiff*
> *was ordered, from time to time, to work at Primary*
> *Inspections with GS-5/7 Immigration Inspectors, which*
> *assignment is outside the scope of his position*
> *description and is viewed as a disciplinary action.*

The two 1989 Brehm memos are not evidence of
discriminatory intent or disparate treatment nor do they raise a
dispute as to a material fact.  Further, they were not created
proximate in time to Plaintiff's alleged claim of discrimination
which would give rise to an inference of retaliation or reprisal
under "temporal proximity".

In context, the August 30, 1989 Brehm memo beginning at
"Things that bug inspectors" addresses understaffing and his
request to have his performance work plan amended so that he

would also be evaluated for his work at primary inspections.  It does not as Plaintiff infers and interprets that primary inspections are retaliatory or  outside the scope of the SRI job description.  There is no comparison to the Brehm's request for clarification based on 60 days of assignment to primary inspection at 1989 staff levels and Plaintiff's claim "***period of over one month, Plaintiff was ordered, from time to time***".  This another example of Plaintiff's misinterpretation and contortion of statements to bolster his unsubstantiated claims of discrimination and disparate treatment

Further the Court in <u>Lemnitzer v. Philippine Airlines, Inc.</u>, 816 F.Supp. 1441, 1454 (N.D. Cal. 1992) stated "Although this stray remark may raise a suspicion of discrimination, it certainly provides no competent proof of discrimination. Indeed, the statement was uttered six years before the staff reductions and such a distant comment cannot constitute proof supporting a claim of discrimination."  Brehm's statements nearly 10 years earlier when read in context of both memos are not relevant to Plaintiff's claims and do not support an inference that there is a factual issue.

It is important to note that Plaintiff was not even employed in Hawaii at the time the Brehm memos were written and the memos were directed only to the Port Director and Operation Supervisors at the time.  Therefore, no reasonable person could

11

perceive his comments as evidence of discrimination, retaliation, reprisal, harassment, intimidation, or disparate treatment as result of Brehm's 1989 memos.

    **F.**    **<u>PLAINTIFF'S CAUSE OF ACTION 12 (a)</u>**

> *On March 5, 1998, Brehm began to criticize Plaintiff's report writing and to direct that petty unnecessary changes be made on many of the narrative reports that Plaintiff submitted to Brehm.*

Here Plaintiff invokes "temporal proximity" as the sole basis for his claim to compel this Court to infer that Brehm's corrections of his report writing was somehow discriminatory or retaliatory for his EEO activity.  Plaintiff engages in pure speculation that Brehm should have known about his EEO complaint on or about March 2, 1998.  The Court in <u>Sebastian Intern., Inc. v. Russolillo</u>, 2005 WL 1323127, No. CV00-3476 (C.D. Cal. 2005) held "although the Court must make all reasonable inferences in favor of non-moving party for purposes of summary judgment, 'mere speculation, intuition or guessing' does not constitute a valid inference and is insufficient to allow the non-moving party to survive summary judgment".  Plaintiff has not overcome his burden of showing that the "protected activity" was known and/or motivated Mr. Brehm's corrections.  Plaintiff also fails to demonstrate how corrections of grammatical and typographical error in his reports were adverse employment actions or how he was treated differently than the other SII's.  "In order to

prevail on a claim of unlawful retaliation, a plaintiff must establish (1) that [s]he engaged in a protected activity; (2) that [s]he suffered an adverse employment decision, and (3) that there was a causal link between plaintiff's activity and the employment decision." <u>Lyons v. England</u>, 307 F.3d 1092, 1118 (9th Cir. 2002).

Further, Plaintiff is not entitled to an inference of retaliation based on "temporal proximity" because as stated above he has failed to show that Mr. Brehm had knowledge of the protected activity at any time in March of 1998 and how Brehm's corrections constitute adverse employment action. Finally, in order "to invoke temporal proximity as a sole basis for asserting retaliation, the timing between the protected activity and the adverse employment action must be very close, such as in several days, not several months. <u>Clark County School Dist. v. Breeden</u>, 532 U.S. 268, 273-74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)" <u>Watson v. Las Vegas Valley Water Dist.</u>, 378 F.Supp.2d 1269,1277 (D. Nev. 2005).

G.    **PLAINTIFF'S CAUSE OF ACTION 12 (b)**

*On April 8, 1998, Brehm told Plaintiff, at his work station, that he was to report to the District Office regarding his discrimination complaint. This action caused Plaintiff to become concerned that his then-confidential efforts to resolve his discrimination complaint would become known to his co-workers thereby prejudicing them against him.*

Even if as Plaintiff asserts his co-workers knew about his EEO complaint he has not carried the burden of showing how this adversely affected his employment. In addition, Plaintiff fails to produce any direct evidence of discrimination as result of Mr. Brehm statement to him on April 8, 1998. Here again it is merely Plaintiff's inadmissible hearsay (speculation) "it was meant to embarrass or intimidate him" which cannot be considered a factual dispute in order to satisfy Plaintiff's burden to overcome summary judgment on this issue. Courtney v. Canyon Television & Appliance Rental. Inc., 899 F.2d 845, 851 (9th Cir. 1990).

**H.    PLAINTIFF'S CAUSE OF ACTION 12 (c)**

*On May 1, 1998, Brehm changed Plaintiff's affidavit submitted in an alien smuggling case to reflect facts that were not accurate. Despite Plaintiff's protest that the changed affidavit did not accurately reflect his knowledge of the case, Brehm ordered that the changed affidavit be submitted to the U.S. Attorney's Office.*

Plaintiff claims that his credibility and reputation was damaged as result of changing his affidavit from "100,000 yen including and airline ticket" to "100,000 yen and an airline ticket". Plaintiff claims that difference in the language is so significant that it compromised his working relationship with the U.S. Attorney's Office but he filed no formal complaint and cannot  detail any subsequent event which this alleged inaccuracy was used  to question his credibility either by the United States

14

Attorney's Office or any other third party.  Without any direct evidence of any damage to his reputation or credibility, Plaintiff is again speculating and drawing improper conclusions about Mr. Brehm's editing of his affidavit.  As the Court in <u>Golden v. CH2M Hill Hanford Group, Inc.</u>, 2005 WL 1868794, No. CV-04-5076LRS (E.D. Wash. 2005)stated "for purposes of summary judgment, 'mere speculation, intuition or guessing' does not constitute a valid inference and is insufficient to allow the non-moving party to survive summary judgment." <u>Citing</u> <u>Poppell v. City of San Diego</u>, 149 F.3d 951, 954 (9th Cir. 1998).

   I.   **PLAINTIFF'S CAUSE OF ACTION 13 (a)**

   *On January 28, 1999, Plaintiff was notified by Brehm that his job performance was rated to be below Fully Successful in two critical elements.*

   J.   **PLAINTIFF'S CAUSE OF ACTION 13 (b)**

   *On January 28, 1999, Plaintiff was advised by Brehm that he was being placed on a Performance Improvement Plan for thirty days and in the event that he did not successfully complete the Performance Improvement Plan, Plaintiff was advised that he could be subjected to further adverse employment action.*

   K.   **PLAINTIFF'S CAUSE OF ACTION 13 (c)**

   *On February 3, 1999, Plaintiff was detailed to report to Guam for two weeks on detail; this action was made by Brehm and Murray and could have had an adverse impact on Plaintiff's successful completion of the Performance Improvement Plan on which he had been placed on January 28, 1999.*

   Plaintiff does not contest that eventually he was able to correct the issue as to number of reports he had written, he

15

was not terminated, and he successfully and timely completed his Performance Improvement Plan (PIP). Plaintiff's challenge to the PIP asks this Court to assume, merely by his conclusory statements, that he was a target of discrimination, disparate treatment, and attempted wrongful termination simply because he initially received poor ratings but was required to take corrective action within thirty days. According to Plaintiff, every evaluation of his work performance which required him to improve should be viewed as discrimination by this Court. Plaintiff has detailed how difficult his life and work were during this period due to the demands of a detail in Guam and new child but he fails to provide any direct evidence that Mr. Brehm's rating of his work performance was motivated by his race or national origin.

In <u>Lyons v. England</u>, 307 F.3d 1092(9th Cir. 2002), a Navy employee brought a claim for retaliation when he received a performance evaluation rating of "fully successful" after contacting an EEO counselor and filing a civil complaint. On review, the Ninth Circuit held that the employee failed to make out a prima facie case of retaliation because the evaluation itself did not rise to the level of an adverse employment action. <u>Id</u>. at 1119. In support of its conclusion, the court found it particularly persuasive that the Navy had not: (1) relied upon the document in making a further employment decision adverse to

16

the employee or (2) published the evaluation by making it
available to other potential employers.  Id.; see also Kortan v.
California Youth Authority, 217 F.3d 1104 (9th Cir. 2000)
(holding that a mediocre performance evaluation that does not
give rise to any further negative employment action does not
violate Title VII).

The Improvement Plan at issue here had even less impact
on plaintiff than the actions in Lyons and Kortan.  The plan was
not a mediocre or critical performance evaluation that would go
in plaintiff's personnel file; it was a warning that plaintiff
might receive a poor performance rating in the future if his
performance did not improve.  Plaintiff's performance did in fact
improve, so plaintiff never received a mediocre or critical
performance evaluation.  There is no evidence the Plan ever went
into plaintiff's personnel file.

Indeed, a number of courts have held that a Performance
Improvement Plan is not an adverse employment action.  Givens v.
Cingular Wireless, 396 F.3d 998, 998 (8th Cir. 2005); Taylor v.
Small, 350 F.3d 1286, 1293 (D.C. Cir. 2003); Felton v. Polles,
315 F.3d 470, 488 (5th Cir. 2002); Jeffers v. Thompson, 264
F.Supp. 2d 314, 329 (D. Md. 2003); see also Agnew v. BASF Corp.,
286 F.3d 307 (6th Cir. 2002) (employer's requirement that an
employee comply with a performance improvement plan or face

17

disciplinary action did not constitute an adverse employment
action under Michigan's equivalent of Title VII).

III.  **CONCLUSION**

      For the reasons stated above, Defendant respectfully requests that this Court grants Defendant's Motion for Partial Summary Judgment.

      DATED:  January 17, 2006, at Honolulu, Hawaii.

                    EDWARD H. KUBO, JR.
                    United States Attorney
                    District of Hawaii

                    /s/ Harry Yee

                    By_____
                      HARRY YEE
                      Assistant U.S. Attorney

                    Attorneys for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Clayton C. Ikei   CCIOffice@hawaii.rr.com
    January 17, 2006

Served by First Class Mail:

Jerry P.S. Chang, Esq.
1440 Kapiolani Blvd., Suite 1203
Honolulu, HI 96814

Attorneys for Plaintiff
Andrew Lopez

DATED:  January 17, 2006, at Honolulu, Hawaii.

/s/ Jan Yoneda
_____